**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) CLASS ACTION |
| K2M GROUP HOLDINGS, INC., ERIC MAJOR, JOHN P. KOSTUIK, DANIEL PELAK, PAUL QUEALLY, RAYMOND RANELLI, SEAN TRAYNOR, BRETT BRODNAX, and CARLOS A. FERRER, | ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 30, 2018 (the "Proposed Transaction"), pursuant to which K2M Group Holdings, Inc. ("K2M" or the "Company") will be acquired by Stryker Corporation and Austin Merger Sub Corp. (together, "Stryker").

2. On August 29, 2018, K2M's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Stryker. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by K2M's shareholders and completed, K2M's stockholders will receive $27.50 in cash for each share of K2M common stock they hold.

3. On October 5, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for November 7, 2018, omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of K2M common stock.

9. Defendant K2M is a Delaware corporation and maintains its principal executive offices at 600 Hope Parkway, SE, Leesburg, Virginia 20175. K2M's common stock is traded on

the NasdaqGS under the ticker symbol "KTWO."  K2M is a party to the Merger Agreement.

10. Defendant Eric Major is the Chairman of the Board, Chief Executive Officer ("CEO"), and President of K2M.

11. Defendant John P. Kostuik is a director of K2M.

12. Defendant Daniel Pelak is a director of K2M.

13. Defendant Paul Queally is a director of K2M.

14. Defendant Raymond Ranelli is a director of K2M.

15. Defendant Sean Traynor is a director of K2M.

16. Defendant Brett Brodnax is a director of K2M.

17. Defendant Carlos A. Ferrer is a director of K2M.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of K2M (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20. This action is properly maintainable as a class action.

21. The Class is so numerous that joinder of all members is impracticable.  As of August 27, 2018, there were 43,614,423 shares of K2M common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

26. K2M is a global leader of complex spine and minimally invasive solutions.

27. Since its inception, K2M has designed, developed, and commercialized innovative complex spine and minimally invasive spine technologies and techniques used by spine surgeons to treat some of the most complicated spinal pathologies.

28. K2M has leveraged these core competencies into Balance ACS, a platform of products, services, and research to help surgeons achieve three-dimensional spinal balance across the axial, coronal, and sagittal planes, with the goal of supporting the full continuum of care to facilitate quality patient outcomes.

29. The Balance ACS platform, in combination with the Company's technologies, techniques, and leadership in the 3D-printing of spinal devices, enables K2M to compete favorably in the global spine surgery market.

30. On August 29, 2018, K2M's Board caused the Company to enter into the Merger Agreement with Stryker.

31. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by K2M's shareholders and completed, K2M's stockholders will receive $27.50 in cash for each share of the K2M common stock they hold.

32. According to the press release announcing the Proposed Transaction:

> K2M Group Holdings, Inc. (Nasdaq: KTWO) (the "Company" or "K2M"), a global leader of complex spine and minimally invasive solutions focused on achieving three-dimensional Total Body Balance™, today announced a definitive merger agreement with Stryker Corporation ("Stryker", NYSE: SYK) pursuant to which Stryker has agreed to acquire all of the issued and outstanding shares of common stock of K2M in an all cash transaction for $27.50 per share, or a total equity value of approximately $1.4 billion. The purchase price represents a 27% premium over K2M's average closing price during the 90 trading days ended August 29, 2018. Upon completion of the proposed transaction, K2M will become a wholly owned subsidiary of Stryker Corporation. Post-closing, K2M's Chairman, Chief Executive Officer, and President Eric D. Major is expected to be appointed as the President of Stryker's Spine division. . . .
>
> The proposed transaction is expected to close late in the fourth quarter of 2018, subject to customary closing conditions, including approval by K2M's stockholders and the receipt of certain regulatory approvals. The proposed transaction has been approved by the Board of Directors of both companies and is not subject to any financing condition.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

33. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for November 7, 2018.

34. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

35. The Proxy Statement omits material information regarding the Company's financial projections, as well as the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Piper Jaffray & Co. ("Piper Jaffray").

36. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; (ii) all line items used to calculate unlevered free cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

37. With respect to Piper Jaffray's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal value used by Piper Jaffray in the analysis; and (ii) the inputs and assumptions underlying the discount rates ranging from 10.3% to 12.3%.

38. With respect to Piper Jaffray's Selected Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Piper Jaffray in the analysis.

39. With respect to Piper Jaffray's Selected M&A Transaction Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Piper Jaffray in the analysis.

40. With respect to Piper Jaffray's Premiums Paid Analysis, the Proxy Statement fails to disclose the transactions observed by Piper Jaffray in the analysis as well as the premiums paid in such transactions.

41. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Board and Reasons for the Merger; (iii) Opinion of Piper Jaffray & Co.; and (iv) Financial Projections.

43. The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and K2M

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  K2M is liable as the issuer of these statements.

46. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

47. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

7

48. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

49. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

50. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

51. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants acted as controlling persons of K2M within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of K2M and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

56. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain

any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 11, 2018      **RIGRODSKY & LONG, P.A.**

            By: */s/ Gina M. Serra*
              Seth D. Rigrodsky (#3147)
              Brian D. Long (#4347)
              Gina M. Serra (#5387)
**OF COUNSEL:**         300 Delaware Avenue, Suite 1220
              Wilmington, DE 19801
**RM LAW, P.C.**         Telephone: (302) 295-5310
Richard A. Maniskas        Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300    Email: sdr@rl-legal.com
Berwyn, PA 19312         Email: bdl@rl-legal.com
Telephone: (484) 324-6800      Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com       *Attorneys for Plaintiff*